UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-107-PLR-DCP-4 |
| | ) | |
| AMANDA M. MELLINGER | ) | |

## MEMORANDUM AND ORDER

Defendant Amanda Mellinger has filed a motion for compassionate release [Doc. 1329]. In support of her motion, Mellinger states that she has been exposed to Legionnaire's Disease while at FCI Coleman and this exposure along with a positive test for COVID-19 constitute extraordinary circumstances justifying immediate release. Mellinger asks the Court to reduce her sentence to time served, or in the alternative, permit her to serve any remaining period of imprisonment in home confinement. For the following reasons, the motion is denied.

On April 11, 2016, Mellinger was sentenced to a term of imprisonment of 90 months, followed by five years of supervised release, for conspiring to distribute 50 grams of more of methamphetamine, in violation of 21 U.S.C. §§ 846, and 841(b)(a)(A) [Doc. 986]. Mellinger is scheduled to be released by the Bureau of Prisons on August 31, 2022.

On May 22, 2020, Mellinger filed a Reduction in Sentence Application with the Warden at FCI Coleman [Doc. 1329, p. 18]. On June 18, 2020, her application was denied [*Id.* p. 21], and she appealed the denial on July 6, 2020 [*Id.* p. 23]. More than thirty days has lapsed since the filing of her appeal with no response. Mellinger states she was recently placed in the Isolation Unit at FCI Coleman because she tested positive for COVID-19.

United States District Courts possess limited power to amend final judgements and may do so only when Congress has provided that authority by statute. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). At present, courts across the nation are receiving requests for immediate release from incarcerated individuals, like Mellinger, whose claims are largely predicated on two distinct statutory frameworks: the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), and the so-called "compassionate release" mechanism established in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act provides for expanded prisoner home confinement in accordance with the parameters set forth in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). Importantly, the CARES Act reserves decision making authority exclusively for the Attorney General and the Director of the Bureau of Prisons. *See id*; *accord* 18 U.S.C. § 3624(c)(2). Put simply, courts do not have the statutorily required authority to grant relief under Section 12003 of the CARES Act.

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) permits district courts to consider motions from incarcerated individuals regarding sentence reductions, so long as the facts presented reveal "extraordinary and compelling reasons." As amended by the First Step Act of 2018, Section 3582(c) allows courts to consider sentence reduction motions from defendants after certain conditions are met. After a defendant fully exhausts his administrative rights to appeal a BOP failure to bring a motion on their behalf, or 30 days after the receipt of such a request from the warden of the defendant's respective facility, whichever arises first, a court may then, but only then, reduce the term of imprisonment.

This decision must be based on the court's application of the factors set forth in 18 U.S.C. § 3553(a). If, upon review, the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," a reduction in sentence may be awarded. 18 U.S.C. § 3582(c)(1)(A)(i).

The Application Notes that accompany Guideline § 1B1.13 explain that a court may conclude that extraordinary and compelling reasons exist to support a sentence reduction on the basis of compassionate release when a defendant suffers from a terminal illness (i.e. a serious or late-stage illness with an end of life trajectory). However, a detailed prognosis of the individual's life expectancy, meaning a precise probability of death within a determined time period, is not required. USSG § § 1B1.13, cmt. n. 1. In addition, courts may consider whether a defendant is (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the defendant's ability to provide self-care within a correctional facility's environment and from which the defendant is not expected to recover. *Id.*

Here, Mellinger has not made the requisite showings to satisfy the statutory constraints placed on this Court. As an initial matter, she is not afflicted with a terminal illness. Although she has tested positive for COVID-19, she has not suffered any serious complications. Likewise, she is not inhibited by a serious functional or cognitive impairment. Finally, she is 41 years old and her age does not situate her within the third

3

factor laid out by the guidelines, which specifically address acute health concerns for the elderly.

While the Court sympathizes with defendant's concerns, a generalized risk of contracting COVID-19 a second time, or potentially developing the more severe symptoms associated with it, are not the type of "extraordinary and compelling reasons" that justify compassionate release. *United States v. Shah,* 2020 WL 1834930 at *2 (E.D.Mich. Apr. 22, 2020) (Speculation as to whether COVID-19 will spread through defendant's detention facility, whether defendant will contract COVID-19, and whether he will develop serious complications do not justify the extreme remedy of compassionate release). Accordingly, defendant's motion for compassionate release due to medical issues is denied.

The Clerk is directed to send a copy of this Memorandum and Order to Amanda Mellinger, #48776-974, FCI Coleman Low, 846 NE 54th Terrace, Sumpterville, Florida 33521.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**